Betty R. MUSEAU, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–3500–ag.

United States Court of Appeals, Second Circuit.

April 5, 2007.

Glenn L. Formica, New Haven, Connecticut, for Petitioner.

Gregory R. Miller, United States Attorney; E. Bryan Wilson, Assistant United States Attorney, Northern District of Florida, Tallahassee, Florida, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Betty R. Museau, a native and citizen of Haiti, seeks review of a June 27, 2006 order of the BIA affirming the February 10, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying Museau's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Betty R. Museau,* No. A 97 964 992 (B.I.A. June 27, 2006), *aff'g* No. A 97 964 992 (Immig. Ct. Hartford Feb. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Substantial evidence supports the IJ's adverse credibility determination. The IJ was entitled to rely on Museau's failure to mention in her written application that it was the police who had fired gunshots at her home, because this omission was material to her claim that the Haitian government was attempting to kill her. In addition, the IJ reasonably questioned the validity of the complaint allegedly issued by the justice of the peace, in which Museau's husband asserted that their home in Haiti had been vandalized when a group of armed men came in search of Museau. The IJ accurately observed that the date of the complaint indicated that it had been issued after Museau's asylum application had been referred by an asylum officer in January 2004. Moreover, although the complaint indicated that Museau's home had been ransacked in January 2004, Museau testified that her home was ransacked in September 2003. Museau also testified that she knew of no such incident that occurred in January 2004. Because this discrepancy was material to Museau's asylum claim, the IJ reasonably found that it "cast doubt on the validity" of the document, and therefore undermined Museau's credibility. *See Siewe v. Gonzales,* 480 F.3d 160 (2d Cir.2007). Finally, the IJ appropriately relied on Museau's failure to provide additional corroboration of her claim to support his adverse credibility finding. Such lack of corroboration

**10**

rendered Museau unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang,* 386 F.3d at 78.

Although the IJ may have erred in relying on certain other evidence in reaching his adverse credibility determination, because the error-free findings discussed above provide sufficient support for the IJ's finding, "we can state with confidence" that remand would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006). Accordingly, the IJ properly found that Museau failed to meet her burden of proof to establish eligibility for asylum.

Because the only evidence of a threat to Museau's life or freedom or a likelihood of torture in Haiti depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.